# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 08-02005 |
| | Chapter 11 |
| HAWAIIAN TELCOM COMMUNICATIONS, INC., | |
| Debtor. | |
| SHULTS & TAMM, A LAW CORPORATION, LITIGATION TRUSTEE, | Adv. Pro. No. 11-90012 |
| Plaintiff, | |
| vs. | |
| MICHAEL S. RULEY, APPLE RIDGE FUNDING LLC, and CARTUS CORPORATION, | Re: Docket No. 57 |
| Defendants. | |

## MEMORANDUM DECISION CONCERNING DEFENDANT CARTUS CORPORATION'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

## I. INTRODUCTION

This is an adversary proceeding in bankruptcy, Fed. R. Bankr. P. 7001(1), in

which Plaintiff, the litigation trustee, seeks to recover avoidable transfers pursuant to sections 547, 548 & 549 of the Bankruptcy Code.[1]

On August 18, 2011, Plaintiff filed a second amended complaint, adding claims against defendants Cartus Corporation and its subsidiary, Apple Ridge Funding LLC (collectively referred to as "Cartus"). On October 6, 2011, Cartus filed a motion to dismiss the second amended complaint as to Cartus, alleging that the Plaintiff does not have standing to assert the claims and that the claims are barred by the statute of limitations. Dkt. no. 57.

The motion was heard on November 10, 2011. Ted Pettit, Esq. and John Zalewski, Esq., Case Lombardi & Pettit, appeared on behalf of Defendant Cartus, in support of the motion. Christopher Muzzi, Esq., Moseley Biehl Tsugawa Lau & Muzzi, appeared on behalf of Plaintiff, in opposition to the motion. Chuck Choi, Esq., Wagner, Choi & Verbrugge, counsel for Defendant Michael S. Ruley, was present.

At the hearing, the parties consented to the entry of a final order concerning this motion by the Bankruptcy Court.

---

[1] Unless otherwise expressly stated herein, all references to chapters or sections shall refer to 11 U.S.C. § 101-1532 (the "Bankruptcy Code"), and all Rule references shall refer to the Federal Rules of Bankruptcy Procedure, 1001-9036 (the "Bankruptcy Rules").

U.S. Bankruptcy Court - Hawaii  #11-90012   Dkt # 78   Filed 11/21/11   Page 2 of 8

## II. FACTS

On December 1, 2008, Hawaiian Telcom Communications, Inc., and its affiliates (collectively "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtors continued to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On December 30, 2009, the court entered an order confirming Debtors' joint chapter 11 plan of reorganization. Bk. no. 08-02005, dkt. no. 1131. The plan became effective on October 28, 2010. Bk. no. 08-02005, dkt no. 1950. Pursuant to the plan, a litigation trust was formed for the purpose of prosecuting or settling some, but not all, of the avoidance actions that belong to the bankruptcy estate. Pursuant to the Litigation Trust Agreement, certain avoidance actions enumerated in Schedule I of the agreement were transferred into the trust. On November 4, 2010, Plaintiff Shults & Tamm, A Law Corporation, was approved as trustee for the litigation trust.

Defendant Michael S. Ruley ("Ruley) was Director and CEO of Debtors from October 1, 2004 until his resignation on February 4, 2008. Pursuant to an employment agreement, Debtors agreed to reimburse Ruley for certain relocation expenses upon termination. On February 22, 2008, and following Ruley's

3

resignation, Debtors and Ruley entered into a severance agreement. This agreement confirmed that Debtors would make relocation payments. Debtors retained Cartus, a provider of global relocation services, to assist in the relocation process. Cartus made pre- and post-petition payments to Ruley, or for his benefit, for various relocation expenses, and invoiced Debtors for such amounts.

On January 25, 2011, Plaintiff commenced this adversary proceeding against Ruley seeking to recover avoidable payments made to him or for his benefit pursuant to sections 547, 548, & 549 of the Bankruptcy Code. On August 18, 2011, Plaintiff filed a second amended complaint, for the first time seeking to avoid payments made to Cartus.

## III. ISSUES

1. Whether the Litigation Trust Agreement provides Plaintiff with standing to pursue the avoidance actions against Cartus.

2. Whether the avoidance claims against Cartus may be equitably tolled.

## IV. STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure, a party may move to dismiss a claim if the court lacks subject matter jurisdiction over such claim. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012. If the plaintiff lacks

4

standing to pursue a claim, the court must dismiss the claim for lack of subject matter jurisdiction under Rule 12(b)(6). <u>HRPT Properties Trust v. Lingle</u>, 676 F. Supp. 2d 1036, 1041 (D. Haw. 2009).

In addition, a party may move to dismiss a claim under Rule 12(b)(6) if the claimant fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012. To survive a motion to dismiss under this section, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). If the applicable statute of limitations period for a claim has expired and is not subject to tolling, the claim must be dismissed under Rule 12(b)(6). <u>Labuanan v. U.S. Bank National Association</u>, 773 F. Supp. 2d 900, 906-08 (D. Haw. 2011).

## V. DISCUSSION

### Standing

Plaintiff does not have standing to pursue the claims against Cartus. Both parties agree that Plaintiff's authority to maintain the present adversary proceeding is derived from the Litigation Trust Agreement. This agreement defines the scope of Plaintiff's authority to pursue certain avoidance actions. Plaintiff may

U.S. Bankruptcy Court - Hawaii  #11-90012  Dkt # 78  Filed 11/21/11  Page 5 of 8

prosecute only claims which are included as part of the "Litigation Trust Assets,"
a defined term under the litigation trust agreement. <u>See</u> bk. no. 08-02005, dkt. no.
1966, Litigation Trust Agreement, §§ 1.1(d), 3.2(d). The Litigation Trust
Agreement defines "Litigation Trust Assets" as "any and all of the Avoidance
Actions against entities, other than Debtors' customers, current employees, and
current trade vendors, as set forth on Schedule I . . . ." <u>Id.</u>, p. 1. When turning to
Schedule I, the language unequivocally names only Ruley as a "Counterparty"
regarding a "potential claim related to severance and other matters." <u>Id.</u>, Schedule
I. The Schedule does not name Cartus. When Debtors drafted the Litigation Trust
Agreement, they had long been in possession of records of payments to Cartus.
Debtors, however, chose not include these causes of action in Schedule I. Any
causes of action against Cartus, therefore, are not Litigation Trust Assets, were not
transferred to Plaintiff, and cannot be prosecuted by Plaintiff. <u>See</u> <u>Rahl v. Bande</u>,
328 B.R. 387 (S.D. N.Y. 2005) (finding the trust lacked standing to pursue claims
other than those assigned to it in the trust agreement). Plaintiff is not permitted to
pursue the avoidance claims against Cartus and, consequently, Plaintiff lacks
standing. The claims against Cartus should therefore be dismissed.

6

<u>Equitable Tolling</u>

Even if Plaintiff has standing to bring the claims against Cartus, the claims are time barred by the statute of limitations. Section 546 of the Bankruptcy Code sets forth a two-year limitations period from the petition date for actions arising under, among others, sections 547 and 548. 11 U.S.C. § 546(a). This period is subject to equitable tolling. <u>Ernst & Young v. Matsumoto</u> (<u>In re United Ins. Mgmt</u>.), 14 F.3d 1380, 1384 (9th Cir. 1994).

Claims arising under section 549 of the Bankruptcy Code are subject to a two-year statute of limitations period from the date of the alleged transfers. 11 U.S.C. § 549(d). Section 549 may be equitably tolled. <u>In re Olsen</u>, 36 F.3d 71, 73 (9th Cir. 1994). Plaintiff does not dispute that the limitations period expired for all claims against Cartus prior to the filing of the second amended complaint. Plaintiff does, however, contend that the limitations periods should be equitably tolled.

The equitable tolling doctrine holds that the limitations period does not run while a party is ignorant of a wrong without any fault or lack of diligence on his or her part. <u>In re United Ins. Mgmt.</u>, 14 F.3d at 1384. "The touchstone for determining the commencement of the limitations period is notice: a cause of action generally accrues when a plaintiff knows or has reason to know of the

7

U.S. Bankruptcy Court - Hawaii  #11-90012   Dkt # 78   Filed 11/21/11   Page 7 of 8

injury which is the basis of his action." Id. (quoting Gerristen v. Consulado General de Mexico, 989 F.2d 340, 344 (9th Cir. 1993)). At the commencement of the bankruptcy case, Debtors had an obligation to investigate potential claims held by the estate. Debtors had nearly two years to investigate any potential causes of action against Cartus. Debtors possessed all relevant information and documents related to the payments made by Cartus. Debtors, therefore, knew or had reason to know of the potential avoidance actions against Cartus. Assigning the claims to a new plaintiff shortly before expiration of the statute of limitations should not, in fairness, subject Cartus to equitable tolling. Id. at 1386-87.

## VI. CONCLUSION

An order will be entered, granting Defendant Cartus' motion to dismiss Plaintiff's second amended complaint as to all claims against Defendants Cartus Corporation and Apple Ridge Funding LLC.


Dated: Honolulu, Hawaii, _November 21, 2011_ .


Lloyd King
United States Bankruptcy Judge


8