# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>HAWAIIAN TELCOM<br>COMMUNICATIONS, INC., et al.,<br><br>   Debtors. | Case No. 08-02005<br>Chapter 11<br>(Jointly Administered) |
| SHULTS & TAMM, a law corporation, as Litigation Trustee,<br><br>   Plaintiff,<br><br>  vs.<br><br>MICHAEL S. RULEY,<br><br>   Defendant. | Adversary Proceeding No. 11-90012 |

## MEMORANDUM REGARDING WITHDRAWAL OF REFERENCE

On April 17, 2012, the court entered an order vacating the trial date of July 9, 2012, extending the discovery cut-off date and calculation of associated deadlines to August 31, 2012, and requiring the Defendant to file a memorandum on entitlement to a jury trial. Defendant filed the memorandum timely on May 18, 2012, and it appears that Defendant's jury demand is well-taken.

As noted previously on the record, it is appropriate that reference of this proceeding be withdrawn to the United States District Court so that a district judge may preside at a jury trial. However, a bankruptcy proceeding may be

withdrawn only on the timely motion of a party or by the district court on its own motion. 28 U.S.C. § 157(d). A motion to withdraw reference may be considered premature if there are pretrial matters which may be best resolved in the bankruptcy court.[1] See Sigma Micro Corporation v. Healthcentral.com, In re Healthcentral.com, 504 F.3d 775 (9th Cir. 2007) (holding that bankruptcy court may retain jurisdiction over pretrial matters despite a valid jury demand). Therefore the best course of action is for one or more of the parties to move to withdraw reference once the bankruptcy court disposes of all pretrial matters.

For the purpose of withdrawing reference, pretrial matters will be concluded as of the discovery cut-off date, further extended by stipulated order to October 31, 2012. As provided in the original scheduling order entered in this proceeding and in LBR 7016-1 and LBR 7026-1, the deadlines to file or make disclosures, discovery requests, designation of experts and submission of their reports, as well as motions to join or amend and to compel discovery have passed or will have passed by October 31, 2012. Any dispositive motions and motions in

---

[1] The United States District Court for the District of Hawaii has also ruled that it is appropriate to delay withdrawing reference until the bankruptcy court has adjudicated discovery issues and other pretrial matters. See Field v. Levin, Civil No. 11-00394 SOM/BMK, 2011 WL 3477101 (D. Haw. 2011 Aug. 8, 2011); Field v. The Trust Estate of Rose Kepoikai, In re Maui Industrial Loan & Finance Company, Civil No. 11-00552 LEK/KSC, 2011 WL 6934571 (D. Haw. 2011 Dec. 29, 2011).

2

limine may be considered by the district judge prior to trial in accordance with the district court's local civil rules.

A motion to withdraw reference must be filed in the bankruptcy court, together with payment of the $176 filing fee, by one or more of the parties. The motion should not be filed before November 1, 2012, or if discovery is concluded earlier, not before the filing of a certification to that effect by counsel for both parties. The clerk shall not transmit to the district court any motion to withdraw reference until discovery has concluded and any related motions have been determined. The motion may attach a copy of this memorandum or otherwise make clear that there are no further pretrial matters over which the bankruptcy court should retain jurisdiction.

/s/ Lloyd King
United States Bankruptcy Judge
Dated: 07/25/2012